# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Michael Barney Dunham, ) | |
| ) | Civil Action No. 0:14-cv-03067-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Joseph McFadden, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

    Petitioner brought this action seeking relief pursuant to 28 U.S.C. § 2254. This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 20), filed on May 28, 2015, recommending that Respondent's Motion for Summary Judgment (ECF No. 10) be granted and Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) be dismissed without an evidentiary hearing. Petitioner filed an Objection to the Magistrate Judge's Report and Recommendation (the "Objection"). (ECF No. 24.) For the reasons set forth below, the court **GRANTS** Respondent's Motion for Summary Judgment (ECF No. 10) and **DISMISSES** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) without an evidentiary hearing.

## I. JURISDICTION

    This court has jurisdiction over this matter pursuant to 28 U.S.C. § 2254, which provides that a federal district court has jurisdiction to entertain a § 2254 petition when the petitioner is in custody of a state court in violation of the Constitution, laws, or treaties of the United States.

## II. FACTUAL AND PROCEDURAL BACKGROUND

    The Report contains a thorough recitation of the relevant factual and procedural background of the matter. (*See* ECF No. 20 at 1–3.) The court concludes upon its own careful

1

review of the record that the Report's factual and procedural summation is accurate, and the court adopts this summary as its own.

### III. LEGAL STANDARD

*A. The Magistrate Judge's Report and Recommendation*

The Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The court reviews de novo only those portions of a Magistrate Judge's recommendation to which specific objections are filed. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). She reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. *Id*. The court may accept, reject, or modify—in whole or in part—the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

*B. Relief under 28 U.S.C. § 2254*

The Antiterrorism and Effective Death Penalty Act of 1996, as codified in 28 U.S.C. § 2254, governs Petitioner's federal habeas claims. Petitioners seeking relief pursuant to § 2254 usually must exhaust all available state court remedies before seeking relief in federal court. § 2254(b). Federal courts may not thereafter grant habeas corpus relief unless the underlying state adjudication comports with § 2254(d), which provides:

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—(1) resulted in a decision that was *contrary to, or involved an unreasonable application of, clearly established Federal law*, as determined by the Supreme Court of the United States; or (2) *resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding*.

§ 2254(d) (emphasis added).

A state court's decision is contrary to clearly established federal law where it "applies a rule that contradicts the governing law set forth" by the United States Supreme Court or confronts facts essentially indistinguishable from a prior Supreme Court decision and "nevertheless arrives at a result different from [Supreme Court] precedent." *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000).  In contrast, a state court's decision involves an "unreasonable application" of "clearly established" federal law 1) "if the state court identifies the correct governing legal rule from this [Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case" or 2) "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 407.

In line with *Williams*, the Fourth Circuit has noted that an "unreasonable application" is not necessarily an "incorrect application" of federal law, explaining that "an incorrect application of federal law is not, in all instances, objectively unreasonable." *Humphries v. Ozmint*, 397 F.3d 206, 216 (4th Cir. 2005) (citing *Williams*, 529 U.S. at 413).  Thus, to grant a habeas petition, a federal court must determine that the state courts' adjudication of a petitioner's claims was "not only incorrect, but that it was objectively unreasonable."  *McHone v. Polk*, 392 F.3d 691, 719 (4th Cir. 2004).

In making this determination, a federal court's habeas review focuses on the state court decision that already addressed the claims, not "the petitioner's free-standing claims themselves." *McLee v. Angelone*, 967 F. Supp. 152, 156 (E.D. Va. 1997), *appeal dismissed*, 139 F.3d 891 (4th Cir. 1998).  And a Petitioner who brings a habeas petition in federal court must

rebut facts relied upon by the state court with "clear and convincing evidence."  28 U.S.C. § 2254(e)(1); *Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008) ("[F]or a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear." (citing 28 U.S.C. § 2254(e)(1))).

## IV. ANALYSIS

*A. Report and Recommendation*

The Report addresses Petitioner's allegations that his plea counsel was ineffective because he:

(a) "fail[ed] to investigate and call an alibi witness who would have proven Dunham could not have been involved in the murder for which he was convicted;" and
(b) "fail[ed] to investigate the exculpatory testimony of co-defendant []."

(ECF No. 20 at 3.)  Petitioner further claims as part of his federal habeas Petition that he is "actually innocent of this crime and should be granted relief on that ground alone."  *Id.*

In considering these allegations, the Magistrate Judge appropriately evaluated the state court's application of *Strickland v. Washington*, 466 U.S. 668 (1984) to Petitioner's claim of ineffective assistance of trial counsel in support of his habeas petition.  (ECF No. 20 at 9–20.)  Under *Strickland*, Petitioner needed to have shown not only that counsel's performance was deficient under an objective reasonableness standard, but also that this deficiency prejudiced his defense.  *Strickland*, 466 U.S. at 668, 687, 694.  The Magistrate Judge reviewed the state court's conclusion that Petitioner's claim of ineffective assistance of counsel failed under *Strickland*—specifically, that trial counsel's failure to investigate and rely on potential alibi and exculpatory testimony constituted a valid strategy.  (ECF No. 20 at 15–18.)

In doing so, the Magistrate Judge explained that the state court had found credible the trial counsel's testimony that he thought it was better, strategically, not to offer what he

determined was a dubious alibi defense so as not to negatively affect the Petitioner's trustworthiness and to preserve last closing argument for his client. *Id.* at 14. The Report also acknowledged the fact that the state court found credible trial counsel's further testimony that he doubted the extent to which Petitioner's co-defendant even would provide exculpatory testimony. *Id.* at 14–15.

The Magistrate Judge concluded that in light of the state court's credibility determinations, the state court reasonably concluded that Petitioner's claims failed under *Strickland*—that is, the state court's application of *Strickland*, as clearly established federal law, was not objectively unreasonable under § 2254(d) such that Petitioner's habeas petition should be granted. *Id.* at 19–20. Petitioner furthermore failed to show that the state's court's rejection of his claim resulted in a decision that was based on an unreasonable determination of the facts under § 2254(d). *Id.*

Finally, the Magistrate Judge rejected Petitioner's additional claim of actual innocence because Petitioner's *Strickland* claims, discussed *supra*, were not procedurally defaulted. *Id.* at 20 ("Habeas petitioners may use an actual innocence claim to excuse the procedural default of a separate constitutional claim upon which they request habeas relief." (citing *Buckner v. Polk*, 453 F.3d 195, 1999 (4th Cir. 2006)). Nor did Petitioner's claim of actual innocence, according to the Report, pass the "extraordinarily high" threshold showing for such a right, even if Petitioner's *Strickland* claims were procedurally barred. *Id.* at 21 (citing *Bukner*, 433 F.3d at 199).

B. *Petitioner's Objection*

Petitioner makes two main arguments in his Objection: 1) that the state court credibility determinations to which the Report defers were unwarranted to begin with, (ECF No. 24 at 6), and 2) that the Report's "finding the decision not to call any witnesses was a valid and strategic

decision" is "contrary to and an unreasonable application of clearly established federal law and an unreasonable determination of facts." (ECF No. 24 at 9.)

In support of his first claim, Petitioner asserts "there was no credibility determination to make" about the testimony of trial counsel and the potentially exculpatory testimony of the co-defendant. (ECF No. 24 at 6.) Furthermore, he claims, the PCR "had no reason to compare the testimony" of the two. *Id.* at 9. Petitioner centers this argument on the allegation that the trial counsel failed to investigate adequately the co-defendant to determine the exculpatory facts to which he might have testified. *Id.* In support of his second claim, Petitioner specifically argues that the trial counsel failed to investigate adequately the possibility of an alibi witness and further failed to "test the State's evidence" by not calling for the same co-defendant to testify. (ECF No. 24 at 9–11.)

*C. The Court's Review*

After a thorough review of the Report and the record in this case, this court determines that Petitioner's objections fail. While Petitioner generally may believe that his trial counsel could have done more to investigate further potential exculpatory and alibi witnesses, Petitioner fails to show that the state court's application of *Strickland* to the claim of his counsel's deficiency was objectively unreasonable under 28 U.S.C. § 2254(d) such that his habeas petition should be granted. Petitioner furthermore does not show that the state court's rejection of his claim resulted in a decision that was based on an unreasonable determination of the facts under § 2254(d).

This court notes in response to Petitioner's first main argument—that is, "there was no credibility issue" for the state court to decide in the first place, (ECF No. 24 at 6)—that a trial court determining the extent to which it can rely on the testimony of a witness or a potential co-

defendant witness *does* implicate credibility.  And in this case, the state court found credible trial counsel's testimony that the positions of the co-defendant and Petitioner were antagonistic and that he therefore was uncertain about that to which the co-defendant actually would testify as a witness.  (ECF No. 11-6 at 102–05.)  Indeed, the trial counsel testified that in the absence of knowledge as to what the co-defendant—who presumably had conflicting interests—would say, he could make a better argument for his own client, including potentially that his client was not at the scene of the crime at all.  (ECF No. 11-6 at 66.)  Such testimony by trial counsel sensibly could result in the state court casting at least some doubt on the potential trustworthiness of testimony from a co-defendant witness.

And this court is limited in its review of such credibility determinations by a state court.  Under U.S.C. § 2254, "federal habeas courts [have] no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them."  *Cagle v. Branker,* 520 F.3d 320, 324 (4th Cir.2008) (quoting *Marshall v. Lonberger,* 459 U.S. 422, 434 (1983)).  Even if this court disagreed with the state court's credibility determinations, as Petitioner urges us to do in this case, that still would be insufficient to overcome the "deferential standard of review, especially of a state court's credibility findings."  *Merzbacher v. Shearin*, 706 F.3d 356, 364 (4th Cir.) *cert. denied*, 134 S. Ct. 71 (2013) *reh'g denied*, 134 S. Ct. 725, (2013).  "'A federal court can disagree with a state court's credibility determination,' but disagreement alone is not enough. The federal court must conclude not only that the state court's determination was wrong, but that it was *unreasonable* in light of the evidence presented, that is, it is not 'debatable among jurists of reason."  *Id.* at 368 (quoting *Miller–El v. Cockrelll,* 537 U.S. 322, 336, 340 (2003)).  Since this court does not find that the state court's credibility

7

determinations were not unreasonable, overturning its determinations in this case would directly oppose this mandate.

For his second main argument, as an initial matter, Petitioner misstates the standard for federal habeas review. Petitioner argues: "The [Report]'s finding the decision not to call any witnesses was a valid and strategic decision is both contrary to and an unreasonable application of clearly established federal law and an unreasonable determination of facts in light of the evidence presented in state court proceedings." (ECF No. 24 at 9). This argument belies the fact that the key analysis for federal habeas review is whether a *state court*'s determination was contrary to and an unreasonable application of clearly established federal law or was an unreasonable determination of facts in light of the evidence before the state court. *See, e.g.*, *Merzbacher*, 706 F.3d at 363–4. And the federal habeas court is expected to give a high level of deference to state courts in considering such. *See id.* Accordingly, the Magistrate Judge in this case determined that the state court's findings regarding Petitioner's ineffective assistance of counsel claims indicated a reasonable application of *Strickland*. (ECF No. 20 at 15.) This court agrees.

Because a trial counsel's strategic decisions fall "'within the wide range of reasonable professional assistance,'" *United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 2004) (quoting *Strickland*, 466 U.S. at 689), it is not an unreasonable application of *Strickland* to deem strategically valid counsel's decision in this case not to call for the testimony of an alibi witness or a co-defendant based on rational concerns about the utility of either. For example, trial counsel explained in his testimony that, based on his communication with Petitioner, he thought the alibi defense was weak and not worth losing closing argument. (ECF No. 11-6 at 108.) And as for Petitioner's related allegations that trial counsel's failures to present this evidence resulted

from insufficient investigations, *Strickland* is instructive: "[W]hen a defendant has given counsel reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable." *Strickland*, 466 U.S. at 692.

Aside from his explicit arguments, Petitioner further fails to offer the "clear and convincing evidence" necessary under 28 U.S.C. § 2254(e)(1) to overcome the presumption of correctness of the state court's findings on collateral review. Indeed, even with such evidence, it remains difficult for a federal court to establish that a state court's application of *Strickland* was unreasonable under § 2254(d); when both *Strickland* and § 2254(d) apply, as in this case, federal review is "doubly" deferential. *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (citing *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)). For that reason, this court concludes that the state court's determination under *Strickland* that trial counsel committed no error was not "objectively unreasonable," *McHone v. Polk*, 392 F.3d 691, 719 (4th Cir. 2004), such that Petitioner's habeas petition under § 2254 should be granted. The Magistrate Judge correctly concluded as much. (ECF No. 20 at 20.)

## V. CONCLUSION

For the reasons set forth above, the court **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 20). It is therefore **ORDERED** that Respondent's Motion for Summary Judgment (ECF No. 10) is **GRANTED** and Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED** without an evidentiary hearing.

## CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

September 10, 2015
Columbia, South Carolina